UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CEQUENT TRAILER PRODUCTS, INC.,

            Plaintiff,

        -vs-                                      Civil Action No.:
                                                  05-CV-0074 (NAM/GJD)

DIVERSI-TECH CORP.,

            Defendant.

_____

        Defendant, Diversi-Tech Corp. ("Diversi-Tech"), for its Answer to the Complaint

("Complaint") of plaintiff Cequent Trailer Products, Inc. alleges as follows:

        1.      ADMITS that Plaintiff has attempted to allege various claims in its

Complaint, but DENIES the merits and sufficiency of the claims asserted therein.  The

Court is referred to the disclosure of U.S. Patent No. 6,722,686 ("the '686 patent"), its

prosecution history and the prior art references cited therein to determine the scope of the

patent and its claims.

        2.      DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief

as to the truth of the allegations contained in Paragraph 2 of the Complaint.

        3.      ADMITS the allegations contained in Paragraph 3 of the Complaint.

4.      ADMITS the allegations contained in Paragraph 4 of the Complaint.

5.      DENIES the allegations contained in Paragraph 5 of the Complaint.

6.      DENIES the allegations contained in Paragraph 6 of the Complaint.

7.      DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.      DENIES that the '686 patent was duly or legally issued as the claims thereof are invalid, ADMITS that a copy of the '686 patent is attached to the Complaint, and DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations of ownership of '686 patent and any remaining allegations contained in Paragraph 8 of the Complaint.

9.      ADMITS that Diversi-Tech manufactures, uses, offers for sale and sells a trailer coupler locking device and that Exhibit B appears to be a portion of a printed page from Diversi-Tech's Internet web site and DENIES any remaining allegations contained in Paragraph 9 of the Complaint.

10.      DENIES the allegations contained in Paragraph 10 of the Complaint.

11.      DENIES the allegations contained in Paragraph 11 of the Complaint.

12.      DENIES the allegations contained in Paragraph 12 of the Complaint.

13.      DENIES the allegations contained in Paragraph 13 of the Complaint.

**AS A FIRST AFFIRMATIVE DEFENSE**

14.      The claims of the '686 patent are invalid for failing to satisfy the requirements for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 132 and 305.

2

## AS A SECOND AFFIRMATIVE DEFENSE

15.    Defendant has not infringed any valid claim of the '686 patent.

## AS A THIRD AFFIRMATIVE DEFENSE

16.    Plaintiff's claim for damages is limited for its failure to mark its product
with sufficient notice under 35 U.S.C. § 287.

## AS A FOURTH AFFIRMATIVE DEFENSE

17.    Plaintiff is not entitled to the equitable remedies of an accounting for a
claim of patent infringement.

## AS A FIFTH AFFIRMATIVE DEFENSE

18.    Plaintiff's Complaint fails to state a claim upon which relief may be
granted.

## COUNTCLAIMS FOR DECLARATORY JUDGMENT

Defendant and Counterclaim-Plaintiff Diversi-Tech Corp. counterclaims against
Cequent Trailer Products, Inc., for declaratory judgment of invalidity and
noninfringement and alleges as follows:

19.    Defendant and Counterclaim-Plaintiff Diversi-Tech Corp.("Diversi-
Tech") is a corporation formed under the laws of the State of Utah and has a principal
place of business at St. George, Utah.

20.    Upon information and belief, Plaintiff and Counterclaim-Defendant
Cequent Trailer Products, Inc. ("Cequent"), is a Delaware corporation with a principal
place of business at Mosinee, Wisconsin.

21.    Cequent purports to own U.S. Patent No. 6,722,686 ("the '686 patent).

22.     Diversi-Tech manufactures and sells a superior quality Universal Coupler Lock which, upon information and belief, Cequent asserts infringes unspecified claims of the '686 patent.

23.     Cequent has also purportedly asserted that sale and use of Diversi-Tech's Universal Coupler Lock by its distributors and customers infringe unspecified claims of the '686 patent.

24.     Diversi-Tech denies that any of its products infringe any valid claim of the '686 patent and asserts that each and every claim of the '686 patent is invalid.

25.     A justiciable controversy exists between Diversi-Tech and Cequent as to the validity, enforceability and alleged infringement of the '686 patent by any actions of Diversi-Tech.

26.     This Court has subject matter jurisdiction of the controversy pursuant to 28 U.S.C. §§ 1338(a), 2001(a) and 2002.

27.     The claims of the '686 patent fail to satisfy the requirements of patentability under Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 132 and 305.

28.     The claims of the '686 patent are invalid.

29.     The claims of the '686 patent are unenforceable.

30.     Diversi-Tech has not infringed any valid claim of the '686 patent.

31.     Based on the lack of substantial basis of Cequent's claim of patent infringement, this action qualifies as an exceptional case pursuant to 35 U.S.C. § 285 entitling Defendant and Counterclaim-Plaintiff to costs and reasonable attorneys' fees.

Defendant and Counterclaim-Plaintiff hereby demands a trial by jury of all issues so triable.

WHEREFORE, Diversi-Tech seeks judgment against Cequent:

a.    Dismissing Cequent's Complaint in its entirety;

b.    Declaring that Diversi-Tech has not directly or contributorily infringed, or induced infringement of the '686 patent;

c.    Declaring that the claims of the '686 patent are invalid;

d.    Enjoining Cequent from asserting or charging that Diversi-Tech or its customers and distributors manufacture, use, offer for sale or sale of Diversi-Tech's product constitutes infringement of the '686 patent;

e.    Finding that this is an exceptional case pursuant to 35 U.S.C. § 285;

f.    Awarding Diversi-Tech its costs and reasonable attorneys' fees; and

g.    Granting Diversi-Tech such other and further relief as the Court deems just and proper.

Dated:  May 2, 2005

WALL MARJAMA & BILINSKI LLP

By:  _____*s/James R. Muldoon*_____
    James R. Muldoon
    Bar Roll No.:  506772
    101 South Salina Street, Suite 400
    Syracuse, New York  13202
    Telephone:  (315) 425-9000
    Facsimile:  (315) 425-9114

*Attorneys for Defendant*
  *Diversi-Tech Corp.*