# McDonald Hopkins

McDonald Hopkins Co., LPA
Attorneys at Law

600 Superior Avenue, E. | P 216.348.5400
Suite 2100 | F 216.348.5474
Cleveland, Ohio 44114 | mcdonaldhopkins.com

Cleveland | Columbus | West Palm Beach

Direct Dial: 216.430.2029
E-mail: dmovius@mcdonaldhopkins.com

July 29, 2005

The Honorable Gustave J. DiBianco
United States Magistrate Judge
United States Courthouse
100 South Clinton Street
Syracuse, New York 13261-7396

    Re:    Cequent Trailer Products, Inc. v. Diversi-Tech Corporation
            United States District Court for the Northern District of New York
            Case No. 05-CV-0074 (NAM/GJD)

Dear Judge DiBianco:

      On behalf of Cequent Trailer Products, Inc. ("Cequent"), I write in response to the letter filed by Diversi-Tech Corporation ("Diversi-Tech") requesting a teleconference to address the current impasse over the terms of the stipulated protective order being sought by Diversi-Tech.

      As the party seeking to limit its responses to properly propounded discovery requests, Diversi-Tech bears the burden of establishing "good cause" for the protection it seeks. *See* Fed. R. Civ. P. 26(c); *Flaherty v. Seroussi*, 209 F.R.D. 300, 304 (N.D.N.Y. 2002) ("The burden of establishing entitlement to a protective order rests on the party seeking to restrict discovery."). In this instance, Diversi-Tech has failed to establish good cause that could justify restricting access to certain discovery materials on the basis of an attorney's retention to draft and prosecute patents on its client's behalf. To the contrary, Diversi-Tech previously proposed – and Cequent agreed – that designated materials should be available to *all* counsel of record who have entered an appearance in this matter. Thus, the current dispute is the result of Diversi-Tech's eleventh-hour refusal to stipulate to the very terms Mr. Muldoon originally proposed.

      It its original draft stipulated protective order, Diversi-Tech proposed limiting disclosure of designated materials to "*[o]utside Counsel of Record for each Party, provided that counsel has entered an appearance in this case.*" Once Cequent agreed to that restriction, however, Diversi-Tech claimed that its own proposed language was insufficient and that access should further be limited to exclude any attorney that

{716715:}

M H

The Honorable Gustave J. DiBianco
July 29, 2005
Page No. 2

***"draft[s] or prosecute[s] patent applications for such Party."*** This additional limitation not only is unnecessary to ensure that any restricted information is not improperly used with respect to future patent prosecution, it also would improperly restrict Cequent's right retain the counsel of its choice.

In the first instance, the original language proposed by Diversi-Tech is sufficient because the protective order as drafted prohibits a receiving party from using designated information "for any business, governmental or regulatory function, except as may be subpoenaed by any court, administrative or legislative body." By this restriction, the use of designated material by the receiving party's attorney in the subsequent drafting or prosecution of a patent application would constitute a violation of the protective order. This is made clear by a case cited by Diversi-Tech,[1] *Eagle Comtronics, Inc. v. Arrow Communication Laboratories, Inc.*, 305 F.3d 1303 (Fed. Cir. 2002), in which the Federal Circuit held that a general restriction that materials designated under a protective order "shall not be used for any purpose other than for this action, unless authorized by the Court" is sufficient to cover the precise circumstance now being raised by Diversi-Tech.

Moreover, the restriction Diversi-Tech seeks is unduly broad and overly restrictive because it would limit one or more of Cequent's attorneys ability to continue representing Cequent for this matter if they also are involved in drafting or prosecuting patents on its behalf. Such a restriction on Cequent's right to retain counsel of its choosing (whether for litigation or patent prosecution) is contrary to well-settled public policy. *See, e.g., Evans v. Artek Systems Corp.*, 715 F.2d 788 (2d Cir. 1983) (courts "must be solicitous of a client's right freely to choose his counsel"); *Trustco Bank New York v. Melino,* 625 N.Y.S.2d 803 (1995) (policy favors right of clients to select counsel of their choice). Indeed, if the Court endorses Diversi-Tech's proposed restriction, Cequent's attorneys of record will need to immediately choose between effectively representing Cequent for this case or remaining eligible to participate in or accept further prosecution work in the future. That choice constitutes a *de facto* restraint of trade and should not be a prerequisite to an attorney's further participation in this litigation.

Finally, disclosure of whether any of Cequent's counsel of record is or will be drafting patent applications on its behalf would violate attorney-client privilege. *See In re Spalding Sports Worldwide*, 203 F.3d 800, 806 (Fed. Cir. 2000). Whether any of Cequent's counsel of record is involved in prosecuting an already-filed application similarly is shielded from disclosure for at least eighteen months after filing. *See* 35 U.S.C. § 122. Accordingly, the possibility raised by Diversi-Tech that Cequent's counsel of record may not presently be drafting or prosecuting patents on its behalf does not make proper the otherwise improper restriction Diversi-Tech seeks.

---

[1] This opinion was recalled by the Federal Circuit and substituted with the opinion reported at 2002 U.S. App. LEXIS 19150. The analysis in the substituted opinion, however, is consistent with the initial opinion.

{716715:}

The Honorable Gustave J. DiBianco
July 29, 2005
Page No. 3

   Simply put, Diversi-Tech has failed to show "good cause" as to why the language it originally proposed is insufficient or the further restriction it seeks is necessary. Cequent therefore asks the Court to direct the parties to enter the proposed stipulated protective order as negotiated to date and including the language on this point originally proposed by Diversi-Tech. Discovery relating to Diversi-Tech's motion for summary judgment can then move forward without further delay.

            Very truly yours,

            /s/ David T. Movius

            David T. Movius

DTM/sg

cc:  Counsel of Record (*via* CM/ECF)

{716715:}