Peter J. Bilinski
George S. Blasiak
Robert E. Purcell
Indranil Mukerji
James R. Muldoon
Joseph B. Milstein, PhD
Dana F. Bigelow*
R. Stephen Rosenholm*
William W. Habelt
Denis J. Sullivan
Richard Roos**
John A. Wasleff*

*Of Counsel*
Thomas J. Wall
Owen D. Marjama
Joel Stettenheim*
Michael D. Pinnisi
Joseph M. Geller

*Technology Specialist*
Thomas Hoehner

* Admitted only in States other than New York

# WALL

# MARJAMA &

# BILINSKI LLP

*An Intellectual Property Practice*

101 South Salina Street, Suite 400
Syracuse, New York 13202

TELEPHONE: (315) 425-9000
FACSIMILE:   (315) 425-9114
WEB SITE:  www.wallmarjama.com

Writer's Direct Dial: (315) 671-4232
E-mail: jmuldoon@wallmarjama.com

August 4, 2005

**VIA CM/ECF**

Hon. Gustave J. DiBianco
U.S. Magistrate Judge
Federal Building and U.S. Courthouse
P.O. Box 7396
Syracuse, NY 13261-7396

> Re:   **Cequent Trailer Products, Inc. v. Diversi-Tech Corporation**
> **NDNY Civil Action No.: 05-CV-0074 (NAM/GJD)**

Dear Judge DiBianco:

I am in receipt of the electronically filed letter of Plaintiff's attorney David Movius filed late yesterday afternoon attempting to blame Defendant's counsel for Plaintiff's utter failure to attempt to take discovery within the seven weeks the Court provided. Mr. Movius' omission of several key fact presents a misleading representation of Plaintiff's rationale for requesting an extension of discovery.

As I mentioned in my letter request last week, on June 20, 2005, I forwarded a draft protective order to Plaintiff's counsel for discussion purposes. The very next day, on June 21, 2005, I emailed Mr. Movius requesting that he respond to the draft so that the documents relevant to Defendant's motion could be produced. In pertinent part, my email stated:

> We request that you identify any issues with the draft protective order so that it may be finalized and entered. We stand by willing to produce Defendant's documents related to invalidity defenses next week if the terms of the protective order can be agreed upon. Once the applicable terms are agreed to, the parties can agree to produce the documents subject to the proposed terms while they are submitted to the Magistrate for approval.

Despite this offer to expedite production of relevant documents, it took four weeks and two overt threats by Defendant's counsel of requesting Court intervention before Plaintiff's

WALL MARJAMA & BILINSKI LLP

Hon. Gustave J. DiBianco, USMJ
August 4, 2005
Page 2

counsel finally responded regarding the proposed protective order. It was not until late Tuesday afternoon, August 2, 2005, that Plaintiff's first raised any issue regarding Defendant's document production. The true reason is that Defendant's counsel never made any effort to contact or subpoena any of the declarants or other non-party witnesses that they now claim that they need an extension to depose.

On the evening of July 28th, a date I informed Mr. Conan five weeks earlier that would be during my long scheduled vacation, I received an email from Mr. Movius for the first time inquiring about the depositions and asking whether I would produce numerous non-party witnesses without the need of subpoena. That night, while still on vacation, I informed Mr. Movius that I had no control over any non-party witness, but would check on Mr. Budge's availability for deposition upon my return to the office after the weekend. On Monday August 1st, I informed him that Mr. Budge was available for deposition on August 10th or 11th.

The next day, Plaintiff's counsel indicated that they were not available to depose Mr. Budge that week and requested an extension of time to conduct the depositions. For the first time, Plaintiff's counsel inquired about the "Confidential" documents that were identified in Defendant's responses of July 8th.   With respect to the depositions, I inquired as to which witnesses were unavailable to be deposed within the Court-ordered schedule. To this inquiry, Plaintiff's counsel unsurprisingly never responded. With respect to the documents, I advised Plaintiff's counsel that I agreed to produce all "Confidential" documents the next day, but that I wanted assurances that the disputed "Outside Counsel Only" documents would not be disclosed to any attorneys or agents presently drafting or prosecuting patent applications in the field of trailer coupler security devices until the Court ruled on the pending issue. That afternoon, shortly after I responded to Mr. Conan's inquiry of when and how the "Confidential" documents would be delivered, I received notice of the filing of Mr. Movius' letter. Noticeably absent from Mr. Movius' letter is any reference to my agreement to produce these documents.

In order to further reduce any manufactured dispute, in addition to "Confidential" documents, I have also produced those "Outside Counsel Only" documents that do not relate to pending patent applications, such as shop drawings and financial records. The only withheld documents therefore pertain to Mr. Budge's claim strategies and earliest date of invention that a cagey attorney prosecuting a similar application could potentially use to establish priority over Mr. Budge's inventions.

The issue of restrictions on a prosecuting patent attorney's access to litigation documents is not new to Plaintiff's counsel. Indeed, in the fall of 1996, while I was working with Mr. Conan at the Bond firm, one of our co-counsel was subject to such a restriction. His restriction from prosecution based on a protective order resulted in my filing the first utility patent application ever by an attorney at the Bond firm. While this issue regularly arises in patent litigation, in my experience negotiating dozens of stipulated protective orders, never has an opposing attorney refused to answer the question of whether they draft or prosecute patent applications in the pertinent technology.

WALL MARJAMA & BILINSKI LLP

Hon. Gustave J. DiBianco, USMJ
August 4, 2005
Page 3

We believe that this additional information places Plaintiff's request for an extension in its true context. Should the Court excuse Plaintiff's lack of diligence in pursuing discovery and extend the Court's deadline, which we believe is not warranted, such an extension should be no more than the two days requested (until August 17th) in Mr. Movius' email of August 2nd.

In the meantime, if you have any questions, please do not hesitate to contact me.

Very truly yours,
WALL MARJAMA & BILINSKI LLP

s/James R. Muldoon
James R. Muldoon

JRM/jeb
Enclosure
cc:     Counsel of Record (via CM/ECF)

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2005, I electronically filed the Letter Brief of James R.

Muldoon and with the Clerk of the District Court using the CM/ECF system, which sent

notification of such filing to the following:

> Edward R. Conan, Esq.
> Maria P. Vitullo
> Bond, Schoeneck & King, PLLC
> One Lincoln Center
> Syracuse, NY 13202
> econan@bsk.com
>
> David Bogdan Cupar
> David Movius
> Michael Snyder
> McDonald, Hopkins Law Firm
> 600 Superior Avenue E.
> 2100 Bank One Center
> Cleveland, OH 44114


> s/James R. Muldoon