UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

CEQUENT TRAILER PRODUCTS, INC.,

       Plaintiff,

   v.

DIVERSI-TECH CORP.,

       Defendant.

Civil Action No.: 05-CV-0074
(NAM/GJD)

-----------------------------------------------------------------

### PLAINTIFF'S SURREPLY IN OPPOSITION TO
### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

  In its reply brief, Diversi-Tech Corporation ("Diversi-Tech") materially misstates the applicable law and then misapplies that law to the facts before the Court on its pending motion for summary judgment. Cequent Trailer Products, Inc. ("Cequent") submits this surreply to correct the record on these points.

  Citing the Federal Circuit's 1993 decision in *Price v. Symsek*, 988 F.2d 1187 (Fed. Cir. 1993) and the 1999 decision in *Thomson, S.A. v. Quixote Corp.*, 166 F.3d 1172 (Fed. Cir. 1999), Diversi-Tech asserts that "only an interested inventor's testimony requires corroboration before it can be considered." (Reply at 1-2.) That is incorrect as a matter of law.

  Subsequent to the *Price* and *Quixote* opinions, the Federal Circuit ruled in *Finnegan Corp. v. ITC*, 180 F.3d 1354 (Fed. Cir. 1999), that "the need for corroboration exists regardless of whether the party testifying concerning the invalidating activity is interested in the outcome of the litigation (*e.g.*, because that party is the accused infringer) or is testifying on behalf of an interested party. ***That corroboration is required in the former circumstance cannot be debated.***" *Finnegan*, 180 F.3d at 1367 (emphasis added). Indeed, the Federal Circuit explained

that the *Quixote* opinion Diversi-Tech cites ***does not*** hold that corroboration only is required for testimony by interested witnesses. *Id.* at 1369. Therefore, without proper support, Diversi-Tech's witness testimony concerning allegedly anticipatory prior art is not sufficient evidence to invalidate the '686 patent. *Id.* at 1365, 1370. *See Lacks Indus. v. McKechnie Vehicle Components USA, Inc.*, 322 F.3d 1335, 1349-1350 (Fed. Cir. 2003) (finding uncorroborated testimony by one witness insufficient to corroborate testimony by another).

Applying its erroneous legal standard, Diversi-Tech suggests that Mr. Budge's testimony – combined with the uncorroborated testimony of non-party Larry Musgrave and a drawing of a later design dated August 10, 2001 – is clear and convincing evidence that he "built and tested the first prototype between [sic] by August 2000." (Reply at 4.) By the standard in *Finnegan*, neither corroborates Mr. Budge's claim of reduction to practice and public use of his alleged prior art before the critical dates for the '686 patent as required to prove invalidity.

In the first instance, the August 10, 2001 document relates only to conception and therefore does not corroborate Mr. Budge's testimony concerning reduction to practice and public use. *See Goodrich v. Harmsen*, 442 F.2d 377, 379-80 (C.C.P.A. 1971). Similarly, Mr. Musgrave's testimony (which shows only experimental use, and not public use or reduction to practice as Diversi-Tech claims[1]) is not properly supported to corroborate Mr. Budge's testimony. (Musgrave Dep. 5:15-5:19; Mem. in Opp., Dkt. No. 44, at 13-16.) Furthermore, Mr. Budge's litigation-inspired testimony and Diversi-Tech's characterization of the evidence is contradicted by, among other things, Mr. Budge's statement in a pre-litigation letter that the

---

[1] Diversi-Tech offers Mr. Musgrave's testimony to show "both Mr. Budge's use of [Mr. Musgrave's] trailers to ***test his lock*** and his public disclosure of the prototype to Mr. Musgrave for the purpose of ***seeking input on his invention***." (Reply at 4, emphasis added.) On similar facts, the Federal Circuit recently held that providing "prototypes" to third parties with no requirement of confidentiality to seek "testing feedback" to determine whether a design worked for its intended purpose was an experimental use that is insufficient to qualify as an invalidating public use. *Lisle Corp. v. A.J. Manufacturing Co.*, 398 F.3d 1306, 1315-1317 (Fed. Cir. 2005). *See Taskett v. Dentlinger*, 344 F.3d 1337, 1340 (Fed. Cir. 2003) (no reduction to practice unless "the invention will work for its intended purpose").

design of his alleged prior art *"**is not in my opinion classifiable as a fully functional security devise** [sic]."* (November 27, 2004 letter from Paul Budge to Robert Earp, Esq., Dkt. No. 43, Exh. 3, at 4 emphasis added.)

As both the evidence raised in Diversi-Tech's Reply and the evidence cited in Cequent's opposition papers show, Diversi-Tech has failed to corroborate Mr. Budge's testimony that his alleged prototype was both <u>reduced to practice</u> and <u>publicly used</u> prior to the critical dates for the '686 patent. Diversi-Tech accordingly has failed to come forward with corroborated evidence that clearly and convincingly establishes that Mr. Budge publicly used his alleged prototype in a manner that could invalidate the '686 patent. Diversi-Tech's motion therefore should be denied.

Respectfully submitted,

Dated: September 21, 2005

/s/ David T. Movius
Michael L. Snyder (*pro hac vice*)
    msnyder@mcdonaldhopkins.com
David T. Movius (*pro hac vice*)
    dmovius@mcdonaldhopkins.com
David B. Cupar (*pro hac vice*)
    dcupar@mcdonaldhopkins.com
McDONALD HOPKINS CO., LPA
2100 Bank One Center
600 Superior Avenue, E.
Cleveland, Ohio 44114
Telephone: (216) 348-5400

Edward R. Conan (101387)
    econan@bsk.com
Maria P. Vitullo (511561)
    mvitullo@bsk.com
One Lincoln Center
Syracuse, NY 13202
Telephone: (315) 218-8000
Fax: (315) 218-8100

*Attorneys for plaintiff*
*Cequent Trailer Products, Inc.*

## CERTIFICATE OF SERVICE

I certify that, on September 21, 2005, the foregoing *Surreply in Opposition to Defendant's Motion for Summary Judgment* was electronically filed with the Clerk of the District Court as an exhibit to a September 21, 2005 letter to Judge Mordue using the CM/ECF system, which sent notification of such filing to the following:

James R Muldoon, Esq.
Wall, Marjama & Bilinski, LLP
101 South Salina Street, Suite 400
Syracuse, NY 13202-1937

/s/David T. Movius
David T. Movius