Alan L. Edwards (2356848)
KUNZLER & MCKENZIE
8 East Broadway, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 994-4646
Facsimile: (801) 531-1929

Harold L. Burstyn (506542)
216 Bradford Parkway
Syracuse, NY 13224
Telephone: (315) 445-0620
Facsimile: (509) 479-4103

Attorneys for Defendants

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| CEQUENT TRAILER PRODUCTS, INC., Plaintiff, vs. DIVERSI-TECH CORP., Defendant. | **DEFENDANT'S MEMORANDUM SUPPORTING THE MOTION TO STAY** <br><br> Civil Action No. **05-CV-0074(NAM/GJD)** |
|---|---|

Defendants submit this memorandum in support of its Motion to Stay.

**TABLE OF CONTENTS**

Statement of Facts                                                                 3

Argument                                                                           4

Conclusion                                                                         8


Exhibit A – 14 October 2004 Correspondence Between Timothy J. Martin and USPTO

Exhibit B – 16 May 2005 Office Action from USPTO to Timothy J. Martin

Exhibit C – Diversi-Tech's Request for Inter Partes Reexamination

I. **STATEMENT OF FACTS**

1. On 12 October 2004, the attorney prosecuting what would eventually issue as U.S. Patent 7,121,121 to Wyers ("the Wyers patent") attempted to provoke an interference with U.S. Patent No. 6,722,686 to Koy ("the Koy patent"), which is the subject of the present litigation. The prosecuting attorney did so by alerting the Examiner of the Koy patent and by copying Claims from Koy into the Wyers patent. A copy of this correspondence is included as Exhibit A.

2. In an Office Action dated 16 May 2005, the Examiner refused the interference and rejected each of the claims copied from the Koy patent as obvious based in part on references not considered during prosecution of the Koy patent. Since the Examiner's decision held unpatentable claims copied from a patent for interference purposes, and the grounds relied upon were equally applicable to the patentee, the Technology Center Director signed off on the action in accordance with the Manual of Patent Examining Procedure (MPEP) §1003(6).[1] A copy of the Office Action is included as Exhibit B.

3. On 18 December 2007, the parties in the present action held a Settlement Conference with Judge Mordue. The possibility of a Reexamination and an associated stay of these proceedings were discussed in that Conference. The 18 December 2007 minute entry in the docket indicates that a Motion to stay the present case should be made on or before 18 January 2008.

---

[1] The MPEP is available online at: http://www.uspto.gov/web/offices/pac/mpep/index.html

II.	**ARGUMENT**

A District Court has "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 76 (2d Cir. 1997) (citations omitted). This includes the power to stay proceedings. Pre-trial stays are routinely granted for PTO reexaminations, particularly where evidence suggests that the relevant patent may not survive reexamination. *MercExchange, L.L.C. v. eBay, Inc.*, 500 F. Supp. 2d 556, 563 (D. Va. 2007); *Lentek Int'l, Inc. v. Sharper Image Corp.*, 169 F.Supp.2d 1360, 1362 (M.D. Fla. 2001) ("As several courts, [including the Federal Circuit] have noted, the sponsors of the patent reexamination legislation clearly favored the liberal grant of stays by the district courts when patents are submitted for reexamination as a mechanism for settling disputes quickly and less expensively and for providing the district courts with the expertise of the patent office").

In light of the contradictory positions taken by the United States Patent and Trademark Office (USPTO) with regards to the Koy patent, and the degree to which a resolution of questions of validity will sharpen the issues before the Court, it is in the interests of judicial economy to stay the present litigation, during which time a Reexamination proceeding will be conducted on the Koy patent. The Reexamination request which Defendant intends to file after the grant of the Motion to Stay is attached hereto as Exhibit C[2].

---

[2] Some of the administrative details necessary for filing (such as the complete appendices) are not included in Exhibit C. These minor details can be quickly completed and are excluded solely to keep the size of Exhibit C manageable. A review of Exhibit C makes clear that Defendant is prepared to file immediately upon grant of a stay.

4

Absent a Reexamination, this Court will have to resolve the question of how the presumption of validity granted to a patent interfaces with the presumption of regularity given to Examiners at the USPTO. "The presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14-15 (U.S. 1926); *see also*, *McGinley v. Franklin Sports, Inc.*, 262 F.3d 1339, 1356 (Fed. Cir. 2001) (Noting that the presumption of regularity applies to administrative actions of the PTO). Thus, the USPTO's 16 May 2005 determination that the independent claims in Koy are unpatentable should be given deference. However, the Koy patent also enjoys a presumption of validity.

To have two conflicting decisions from the USPTO as to the patentability of a set of claims is a rare occurrence. Defendants anticipate that determining which opinion takes precedence would likely consume considerable resources and ultimately prove to be an appealable issue requiring resolution by the Federal Circuit. It is in the interests of judicial economy to provide the USPTO an opportunity to resolve these contrary positions and present a definitive opinion on the patentability of the Koy claims, thus obviating the need for litigating the issue, then appealing it, and possibly re-litigating key points in light of a Federal Circuit decision.

Issuance of a stay would also expedite Reexamination proceedings at the USPTO. Procedure at the USPTO dictates that, where litigation proceedings are stayed for reexamination, the Reexamination process is expedited. MPEP §2686.04(I) ("Where a request for reexamination indicates that… litigation is stayed for the purpose of

5

reexamination, all aspects of the proceeding will be expedited to the extent possible. Cases will be taken up for action at the earliest time possible, and time periods set in actions may be extended only upon a strong showing of sufficient cause. **Action on such a proceeding will take precedence to any other action taken by the examiner in the Office**") (emphasis added, internal citations omitted).

In order to obtain the benefits of expedited proceedings, Defendant has not yet filed the Request for Inter Partes Reexamination (attached hereto as Exhibit C) but will do so immediately upon the grant of the stay. Filing the Request after the stay is put into effect should shorten the 3-month time period in which the USPTO responds to Requests for Reexamination.

In addition, a stay would prevent "a race to the finish line" between the Reexamination proceeding and the present litigation. Reexamination proceedings may, and in some instances must, proceed in parallel with litigation on the same patent. *See, e.g., Ethicon v. Quigg*, 849 F.2d 1422, 1428 (Fed. Cir. 1988); MPEP §2686.04(III). And even if this Court does reach an independent conclusion as to validity, the USPTO's position is that only "[a] final holding of claim invalidity or unenforceability (after all appeals) is controlling on the Office." MPEP § 2686.04(II). Parallel proceedings on the same issues would be a waste of judicial resources, and conflicting decisions would impose additional burdens on all parties and the Court.

The present matter is still in its early stages. To date, there has only been limited discovery and a single dispositive motion related only to a narrow issue. In all likelihood, the expedited Reexamination proceedings at the USPTO will conclude prior to the present

litigation. These USPTO determinations regarding the validity of the claims will have a significant impact on the questions before this Court. For example, there is little reason to proceed with a Markman hearing on claim construction when the Plaintiff may soon be required to change the claims. Similarly, determinations of infringement hinge upon the assumption that the claims are, in fact, valid; if the USPTO determines that they are not, efforts and discovery on questions of infringement will be wasted. As such, it is in the best interests of judicial economy to await the USPTO determination before proceeding with this litigation.

Further, if this litigation continues and Defendant is determined to infringe the present claims of Koy, a reexamination cancellation of claims after such a determination may nullify the judgment, or at least render a gross inequity on the Defendant. Such concerns have been the foundation of stays pending the resolution of reexamination proceedings in the past. *See, e.g., Bausch & Lomb Inc. v. Alcon*, 914 F.Supp. 951, 952 (W.D.N.Y. 1996) (granting a stay pending resolution of a reexamination, reasoning that "if this Court finds that the… patent is not invalid and that [the accused infringer] has infringed it, and orders [the accused infringer] to pay damages to [the patentee] for such infringement, then [the accused infringer] would have no ability to recover those damages if at a later date the PTO determined that the… patent is invalid").

This Court is no stranger to the financial difficulties imposed on parties in patent litigation. Expedited reexamination provides both parties with a relatively quick and inexpensive forum to resolve key issues of the present litigation. If Plaintiff is required to amend its claims in such a way that the Defendant does not infringe the new claims, the

present litigation is at an end.  In short, reexamination allows the parties to determine an issue that may end the present litigation without the costs associated with continued discovery and trial.

Even if the reexamination does not conclude the litigation, it greatly simplifies the issue before the court.  As mentioned above, there will be no need to guess at the position of the USPTO on the Koy patent following a reexamination.  Nor is there a need to determine how much relative weight to give the contrary positions of the USPTO.  In addition, the question of validity in light of the unconsidered prior art will be largely resolved.  In short, after reexamination, the issues before the Court will be greatly simplified and much of the complexity will have been resolved at minimal cost through an expedited proceeding.

### III.     CONCLUSION

Staying litigation proceedings is in the best interests of the parties and in the interests of judicial economy.  Staying litigation will expedite proceedings at the USPTO on the reexamination.  In addition, it will allow the USPTO to make a final, consistent determination of what is actually patentable under the Koy.  This resolution will greatly simplify the questions before the Court and may bring the present litigation to an end.  Given the advantages to all parties and to the Court, Defendant requests that the Motion to Stay be GRANTED.

DATED THIS 18th day of January, 2008.

                                              s/Alan L. Edwards/_____
                                              Alan L. Edwards
                                              Bar Roll No.: 2356848

                                              KUNZLER & MCKENZIE
                                              *ATTORNEYS FOR DEFENDANT*
                                               8 EAST BROADWAY, SUITE 600
                                              SALT LAKE CITY, UT 84111
                                              Telephone: (801) 994-4646
                                              Facsimile: (801) 531-1929

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CEQUENT TRAILER PRODUCTS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DIVERSI-TECH CORP., <br><br> Defendant. | Civil Action No. <br> **05-CV-0074(NAM/GJD)** |

## CERTIFICATE OF SERVICE

      I hereby certify that on January 18, 2008, I electronically filed the foregoing DEFENDANT'S MEMORANDUM SUPPORTING THE MOTION TO STAY with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

**David Bogdan Cupar**
**David Movius**
**Michael Snyder**
McDonald, Hopkins Law Firm
600 Superior Avenue E.
2100 Bank One Center
Cleveland, OH 44114

**Edward R. Conan, Esq.**
Bond, Schoeneck & King, PLLC
Attorneys for Plaintiff
One Lincoln Center
Syracuse, NY 13202

**Maria P. Vitullo**
Taft, Stettinius Law Firm
425 Walnut Street
Suite 1800
Cincinnati, OH 45202

      s/Alan L. Edwards/

      Alan L. Edwards